JS-6

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Eastern Division)

| | |
|---|---|
| ARBY'S RESTAURANT GROUP, INC., | Case No. CV11-1849 R-DTBx |
| Plaintiff, | (Hon. Judge Manuel L. Real) |
| v. | **JUDGMENT IN FAVOR OF ARBY'S RESTAURANT GROUP, INC.** |
| MOHAMMED SOLAIMAN, REZINA SOLAIMAN and QSR ENTERPRISES, INC., | |
| Defendants | |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Having reviewed Plaintiff Arby's Restaurant Group Inc.'s ("ARG") *Ex Parte* Application for Monetary Judgment Against Defendants, including the declarations and memorandum in support thereof, and the files and records in this action, and having granted a Permanent Injunction in favor of ARG on April 4, 2011, and good cause appearing, the Court grants ARG's *Ex Parte* Application for Monetary Judgment against Defendants Mohammed Solaiman, Rezina Solaiman and QSR Enterprises, Inc. (collectively, "Defendants").

IT IS ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered against Defendants and in favor of ARG as follows:

(a) $43,811.40 for amounts due and owing under the Franchise Agreement;

(b) $3,228.68 for attorneys' fees and costs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered against Defendants and in favor of ARG as follows:

(a) Defendants Mohammed Solaiman, Rezina Solaiman and QSR Enterprises, Inc., and each of their employees, agents, representatives and other persons associated with them (collectively, the "Defendants") shall refrain from:

(i) Using any of ARG's Trademarks, service marks, trade names, trade secrets, trade dress, and know-how and processes;

(ii) Failing or refusing to remove all signs, menuboard inserts, point of sale material, trade dress, red and white stripes and any characteristically designed roof or signage from the Arby's Restaurant operated by Defendants pursuant to the parties' terminated ARG Franchise Agreement ("Restaurant") and otherwise changing its interior and interior appearance so that it is no longer confusingly similar to an Arby's Restaurant and no longer bears any ARG trademarks, service marks, trade names or designations or marks similar thereto;

(iii) Operating or doing business under any name or in any manner that might tend to give the general public the impression that Defendants' franchise

with ARG is still in force, or that Defendants are in any way connected with ARG or authorized to use ARG's trademarks;

   (iv) Failing to return to ARG all confidential operating manuals and other confidential materials, and all supplies and other materials bearing the trademarks, service marks or trade names of ARG;

   (v) Interfering with ARG's efforts to enter the premises of the Restaurant, in the event Defendants fail to de-identify the Restaurant as required by paragraphs (i)-(iv) above, and permitting ARG, or its agents, to take all steps necessary to de-identify such Restaurant;

   (vi) Utilizing in any fashion, directly or indirectly, any and all elements of the ARG System (including without limitation ARG's system for the establishment, development and operation of an Arby's Restaurant utilizing unique methods, trade secrets, recipes, proprietary equipment, technical assistance, training in the operation, management and promotion, and any other element of the ARG System);

   (vii) Using any name, service mark or trademark, sign formats and/or trade dress which is not significantly different from those under which Defendants had done business pursuant to the parties' Arby's Franchise Agreement;

   (viii) Utilizing in any manner any advertising directly or indirectly stating or implying that Defendants are or were associated or affiliated with ARG;

   (ix) Failing to take such action as may be required to cancel all fictitious or assumed name or equivalent registrations relating to their use of any ARG Marks;

   (x) Using any confidential information of ARG disclosed to or otherwise learned or acquired by them, and failing to return to ARG all copies of the Confidential Operating Manuals and any other confidential materials which have been loaned or made available to them by ARG, and from thereafter using in any

manner or for any purpose, directly or indirectly, any of ARG's trade secrets, procedures, techniques or materials acquired by defendants;

  (xi) Knowingly assisting, aiding or abetting any other person or entity engaging in or performing any of the enjoined activities referred to herein; and

  (xii) Engaging in such other and further activity in violation of ARG's legal and/or equitable rights as the Court may direct.

DATED: June 27, 2011

_____
JUDGE, UNITED STATES DISTRICT COURT

Respectfully submitted:

**BRYAN CAVE LLP**
Jonathan Solish (67609)
Shelly C. Gopaul (246382)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Plaintiff
Arby's Restaurant Group, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2305. My email address is jcchiri@bryancave.com

On June 24, 2011, I served the foregoing document, described as: **[PROPOSED] JUDGMENT IN FAVOR OF ARBY'S RESTAURANT GROUP, INC.**, on each interested party in this action, as follows:

| | |
|---|---|
| Mohammed Solaiman<br>14009 Annadale Lane<br>Etiwanda, CA 91739 | Rezina Solaiman<br>14009 Annadale Lane<br>Etiwanda, CA 91739 |
| *Defendant in pro per* | *Defendant in pro per* |

QSR Enterprises, Inc.
14009 Annadale Lane
Etiwanda, CA 91739

*Defendant in pro per*

☒ (VIA ELECTRONIC SERVICE): By electronic filing with the Clerk of this Court using the CM/ECF System, which will send a Notice of Electronic Filing (NEF) to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action.

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on June 24, 2011, at Santa Monica, California.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Judith C. Chiri*
Judith C. Chiri